K ASOWITZ , B ENSON , T ORRES & F RIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

(212) 506-1700

FACSIMILE: (212) 506-1800

212-506-1770

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON. DC

March 24, 2014

**By Hand Delivery and ECF**

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    Re:   *MBIA Inc. v. Certain Underwriters at Lloyd's, London, et al.*,
           No. 14 Civ. 1769 (SAS) (GWG)

Dear Judge Scheindlin:

      I write on behalf of MBIA Inc. ("MBIA"), plaintiff in the above-referenced action, to request a pre-motion conference pursuant to Rule IV(A) of Your Honor's Individual Rules and Procedures.  MBIA seeks to file a motion for partial summary judgment concerning the defendants' duty to pay MBIA's defense costs pursuant to insurance policies issued by defendants to MBIA.  This action lends itself to a determination on an expeditious partial summary judgment motion for a number of practical reasons.

      First, the motion MBIA seeks to file concerns only the duty of defendants Certain Underwriters at Lloyd's, London and Lexington Insurance Company (the "Insurers") to pay MBIA's defense costs under one primary professional liability insurance policy and one excess policy, both issued by the Insurers (the "08-09 Policies").  The Insurers' duty to pay MBIA's costs of defense can be determined by a limited analysis of the terms of the 08-09 Policies and the allegations in the relevant underlying actions.  *See United Parcel Service v. Lexington Insurance Group*, 2013 WL 5664989, at *3 (S.D.N.Y. May 7, 2013) (Scheindlin, J.); *Federal Ins. Co. v. Kozlowski*, 792 N.Y.S.2d 397, 402 (1st Dep't 2005) (the "same allegations that trigger a duty to defend trigger an obligation to pay defense costs") (citation omitted).  The policies and underlying actions are identified in MBIA's complaint.  It would not be necessary for the parties to conduct any additional disclosure or discovery prior to submission of MBIA's proposed motion.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
PAGE 2

  Further, MBIA only seeks to file a targeted motion for costs it incurred in defending two of the underlying actions described in its complaint: (i) *ABN Amro Bank N.V., et al. v. Dinallo, et al.*, No. 601846/2009, Supreme Court of the State of New York, New York County (the "Article 78 Action"), and (ii) *ABN Amro Bank N.V., et al. v. MBIA Inc., et al.*, No. 601475/2009, Supreme Court of the State of New York, New York County (the "Plenary Action," together "Actions"). Because MBIA incurred costs well in excess of the limit of liability of the 08-09 Policies in defending the Article 78 Action and Plenary Action, a decision on the Insurers' duty to pay MBIA's defense costs in those Actions would significantly limit the issues in dispute among the parties in this lawsuit.

  In the Actions, plaintiffs challenged MBIA's restructuring of its public finance insurance business and its structured finance insurance business into two separate insurance companies in response to the widespread financial crisis, which enabled MBIA to provide financial guarantee policies to municipal and state issuers that were frozen out of the public finance market, while also potentially attracting capital investment to the benefit of MBIA and all its policyholders. In the Article 78 Action, plaintiffs challenged the New York Insurance Department's approval of the MBIA transaction. In the Plenary Action, plaintiffs sought damages and other relief arising from the same restructuring. Both Actions have been resolved. Justice Barbara Kapnick ruled in favor of MBIA in the Article 78 Action after trial-like hearings, and MBIA reached resolutions with the plaintiffs in the Plenary Action.

  The Insurers argue that they are not obligated to pay MBIA's defense costs in these Actions because, according to the Insurers, the Actions do not allege Wrongful Acts by MBIA in the performance of "Professional Services," as required under the 08-09 Policies' insuring clause. Professional Services is defined extremely broadly in the subject policies as "any past or present activities allowed under the law and regulations governing services provided by the Assureds which are or were performed for [MBIA and/or its Subsidiaries] and, in addition those activities, which are declared in the Application Form or which are commenced during the Policy Period and any other related services thereto." The Actions allege acts and omissions by MBIA that clearly fall within this broad definition. In fact, in connection with the Article 78 Action, Justice Kapnick upheld the New York Insurance Department's approval of MBIA's restructuring under several provisions of the New York Insurance Law, including the Department's determinations that MBIA "retained sufficient surplus to support its obligations" and that the restructuring would aid municipalities and other public finance agencies seeking bond insurance. *ABN Amro Bank N.V., et al. v. Dinallo, et al.*, 962 N.Y.S.2d 854, 862-64 (N.Y. Sup. Ct. 2013).

  In addition, the Insurers argue that they are not required to advance MBIA's costs of defending the Actions or pay such costs at all until every lawsuit alleging claims relating to the Actions have been finally resolved. Because one lawsuit relating to MBIA's restructuring, filed years after the Article 78 and Plenary Actions, remains pending, the Insurers argue that they are not required to pay any of MBIA's defense costs, notwithstanding that the Actions are resolved. The 08-09 Policies provide that the Insurers "shall reimburse Loss only upon the final disposition of any Claim; provided, however, that [the Insurers] at their sole discretion agree to advance Costs, Charges and Expenses every 90 days." MBIA contends that the Policies required the advancement of defense costs, but even if the Policies could be read to provide for

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
PAGE 3

reimbursement only after a claim is resolved, nothing in the plain language of the Policies requires that all lawsuits relating to that claim must also be resolved.  Significantly, this issue is clearly ripe for summary adjudication because it is simply a matter of contract interpretation, which can be determined as a matter of law.  *See Mazzuoccolo v. Cinelli*, 666 N.Y.S.2d 621, 622-23 (1st Dep't 1997).

      For these reasons, MBIA respectfully requests that Your Honor hold a pre-motion conference to set a schedule for briefing on a motion for partial summary judgment by MBIA as outlined herein.  Subject to Your Honor's convenience, MBIA proposes that this conference be held in the first or second week of April.

      Sincerely,

      Robin L. Cohen

cc:   **By Hand Delivery**:
      Edward Kirk,
      Clyde & Co. US LLP
      405 Lexington Avenue, 16th Floor
      New York, NY 10174
      Edward.Kirk@clydeco.us