

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: 212 710 3900
Facsimile: 212 710 3950
www.clydeco.us
Edward.Kirk@clydeco.us

March 27, 2014

**By Hand Delivery and ECF**
The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

      Re:    *MBIA Inc. v. Certain Underwriters at Lloyd's, London, et al.,*
               Case No. 14 Civ. 1769 (SAS) (GWG)

Dear Judge Scheindlin:

On behalf of defendants Certain Underwriters at Lloyd's, London, Lexington Insurance Company, and Wurttembergische Versicherung AG ("Underwriters"), we write to respond to plaintiff MBIA, Inc.'s ("MBIA") letter of March 24, 2014 requesting a pre-motion conference and permission to file a motion for partial summary judgment regarding advancement of defense costs under indemnity policies issued by Underwriters. MBIA's request should be denied because it has not satisfied a condition precedent to coverage and a motion for summary judgment would be premature, and Underwriters should be allowed to file a motion to dismiss the complaint.[1]

MBIA demands that Underwriters advance defense costs related to numerous lawsuits brought by municipalities arising from MBIA's alleged fraudulent and anticompetitive business practices with respect to municipal bond insurance and the municipal derivatives market (the "Municipal Actions"). MBIA submitted the Municipal Actions as two separate Claims under primary and excess professional indemnity policies issued by Underwriters to MBIA for the period August 31, 2007 to August 31, 2008 (the "07-08 Policies").

MBIA also demands that Underwriters advance defense costs related to a number of other lawsuits arising from its restructuring of two of its subsidiaries in which it transferred $5.4 billion from MBIA Insurance to MBIA Illinois (the "Restructuring Actions").[2] MBIA submitted the Restructuring Actions as a single Claim under primary and excess professional indemnity

---

[1] By stipulated order dated March 26, 2014, Underwriters' time to respond to the complaint was extended to April 25, 2014.
[2] In its March 24, 2014 letter, MBIA defines two of the Restructuring Actions as the "Actions."

policies issued by Underwriters to MBIA for the period August 31, 2008 to August 31, 2009 (the "08-09 Policies", and collectively with the 07-08 Policies, the "Policies").

MBIA contends that the Policies require Underwriters to advance defense costs based on "a limited analysis" of the terms of the Policies and the allegations in the underlying complaints. MBIA is incorrect that coverage is determined under the Policies pursuant to a broad duty to defend standard.[3] Rather, coverage here must be determined by the narrower duty to indemnify.

The Policies are indemnity insurance policies that do not provide for a duty to defend or advance defense costs and expressly state that Underwriters have no obligation to pay any Loss until final disposition of a Claim. The Declarations and Section V, Settlements and Defense, of the Policies specify that Underwriters do not have a duty to defend. Further, Section IV.F. expressly provides that "Underwriters shall reimburse **Loss** [which includes Costs, Charges and Expenses] only upon the final disposition of any **Claim**; provided, however, that Underwriters at their sole discretion agree to advance **Costs, Charges and Expenses** every 90 days." [emphasis added] Thus, pursuant to the clear provisions of the Policies, Underwriters are not obligated to advance or reimburse costs or any other Loss until the final disposition of the Claim.[4]

MBIA also argues that "nothing in the plain language of the Policies requires that all lawsuits relating to that claim must also be resolved" before Underwriters are required to reimburse costs. However, Paragraph C of Section IV of the Policies provides that "more than one **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to constitute a single **Claim**…" MBIA contends that the various Restructuring Actions constitute a single Claim under the 08-09 Policies, and it does not dispute that at least one of the Restructuring Actions remains pending.[5] As there has not been a final disposition of the Claim, Underwriters are not obligated to reimburse MBIA for costs or any other Loss. Therefore, this action should be dismissed as there is no dispute that is ripe for adjudication.[6]

Even if there was a final disposition of the Claim, MBIA would not be entitled to summary judgment and Underwriters would be entitled to discovery regarding whether there is actual coverage for its costs and other payments, and with respect to allocation between covered and uncovered claims.

The Policies are indemnity policies that only provide coverage for defense costs if indemnification is required for the underlying claims.[7] While an insurer's duty to defend or advance defense costs is measured against the underlying allegations and the potential for

---

[3] The Policies provide that coverage is governed by New York law.
[4] See Raymond Corp. v. Nat'l Union Fire Ins. Co., 800 N.Y.S.2d 89, 91 (2005) (finding that courts should "not disregard clear provisions which the insurers inserted in the policies and the insured accepted…").
[5] MBIA has submitted the Municipal Actions as two separate Claims and also does not dispute that some of those actions remain pending.
[6] See Hesse v. Speece, 611 N.Y.S.2d 308 (2d Dep't 1994) (affirming dismissal of insured's claim as premature).
[7] See Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp., 73 F.3d 1178, 1219 (2d Cir. 1995) (finding that non-duty-to-defend policies did not "contemplate unconditional payment of defense costs for potentially covered claims, but only payment of costs if indemnification is required.").

coverage, the duty to indemnify is determined by the actual basis for the insured's liability.[8] Thus, upon final disposition of the Claim, Underwriters' obligation to reimburse MBIA will be determined based on actual coverage under the Policies for the claims made in the underlying actions, rather than potentially covered allegations of the complaints, and Underwriters will be entitled to an allocation between covered and uncovered claims.[9]

Further, Underwriters would be entitled to allocate between payments incurred with respect to covered and uncovered claims. As the Claim remains pending, MBIA's ultimate claim for coverage is currently unclear, and additional information may become available during the course of the pending litigation that impacts coverage. A number of significant coverage defenses will likely apply to preclude entirely or limit MBIA's requests for reimbursement, including: (i) whether the Claim is for Wrongful Acts in the performance of Professional Services, rather than liability arising from a business transaction to advance its own interests;[10] (ii) whether the payments are Loss insurable under New York law, including payments for unjust enrichment, punitive damages, contractual liability and liability for intentional conduct; and (iii) the applicability of a number of exclusions, including regarding financial guarantees, security holder claims, dishonest or fraudulent acts, improper personal profit or advantage, deliberate breach of law or regulation, purchase or sale of MBIA's shares, claims by government agencies, and reimbursement of fees, commissions, costs or other charges.

For the reasons set forth above, a motion for summary judgment would be premature and Underwriters respectfully request that the Court deny MBIA's request for permission to file such a motion and allow Underwriters to file a motion to dismiss the complaint.

Very truly yours,

Edward J. Kirk
Clyde & Co US LLP

---

[8] See Servidone Const. Corp. v. Sec. Ins. Co., 488 N.Y.S.2d 139 (1985) ("[B]y holding the insurer liable to indemnify on the mere 'possibility' of coverage perceived from the face of the complaint – the standard applicable to the duty to defend – the court has enlarged the bargained-for coverage…"); ERC Indust., Inc. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 64 (S.D.N.Y. 1992) ("Unlike duty to defend policies, which require the insurer to defend claims even if they are only arguably entitled to coverage, policies requiring the insurer to reimburse damages and defense costs related to wrongful acts entitle the insured to costs only when the underlying claims are covered by the policy.").

[9] Where, as here, coverage is sought under an indemnity policy, an insurer is entitled to allocate defense costs between covered and uncovered claims where there is a factual basis for the allocation. See Pfizer, Inc., et al. v. Stryker Corp., et al., 385 F. Supp.2d 380, 386 (S.D.N.Y. 2005) ("When a party incurs expenses in the defense of covered and uncovered claims, it may allocate the legal expenses incurred if there is a factual basis for the allocation" and "a party seeking indemnity has the initial burden to establish that an expense was incurred in the defense of a covered claim.").

[10] See Albert Schiff v. Flack, 51 N.Y.2d 692, 700 (1980) (finding professional indemnity policies cover liability arising from mistakes inherent in insured's practice or profession, and not against all business vicissitudes).

Honorable Shira A. Scheindlin
March 27, 2014
Page 4

cc: **By Hand Delivery:**
Robin L. Cohen
Kenneth H. Frenchman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
RCohen@kasowitz.com
KFrenchman@kasowitz.com